# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

CRESTBROOK INSURANCE CO.,  )
*doing business as*  )
Nationwide Private Client,  )
　)
　　　　　　　Plaintiff,  )
　)
v.  )　　Case No. 19-cv-2249-JAR-TJJ
　)
MICHAEL L. ANCONA, et al.,  )
　)
　　　　　　　Defendants.  )

## ORDER

This matter is before the Court on movant Nautilus Insurance Company's Motion to Intervene (ECF No. 19). The response time has passed and no responses have been filed.

Movant asserts it issued a Personal Umbrella Policy to Defendant Michael L. Ancona during the period of time alleged in the lawsuit underlying this declaratory judgment action, and the outcome of this action will impact Movant's duty to defend and/or indemnify Mr. Ancona. Movant states that it therefore has an interest in this litigation and its own claim that share common questions of law and fact. Although the Nationwide and Nautilus insurance policies share some definitions and exclusions, they are not identical. Movant seeks to intervene so that it may address the specific portions of its policy that are relevant to the facts of the underlying lawsuit and pursue a declaratory judgment of its rights and obligations under the umbrella policy. Movant seeks to intervene as of right pursuant to Federal Rule of Civil Procedure 24(a)(2).

The Tenth Circuit standard is that a movant is entitled "to intervene as of right if: (1) the movant claims an interest relating to the property or transaction that is subject of the action; (2) the disposition of the litigation may, as a practical matter, impair or impede the movant's

interest; and (3) the existing parties do not adequately represent the movant's interest."[1] Upon review of the matter, the Court finds that disposing of this action may impair or impede Movant Nautilus Insurance Company's ability to protect its interest.[2] As such, Movant is entitled to intervene as of right and the Court will grant the motion.

Movant has submitted a proposed Complaint for Declaratory Judgment. Shortly after Movant filed this motion, Plaintiff was granted leave to amend and has filed an Amended Complaint for Declaratory Relief.[3] Movant may deem it appropriate to follow Plaintiff's lead and add Valerie Jennings as a party Defendant. The Court grants Movant leave to intervene as a party plaintiff and will permit Movant to electronically file either the proposed complaint attached to its Memorandum in Support of the instant motion,[4] or to substitute that pleading with a complaint that includes Valerie Jennings as a party Defendant if there is a sound legal basis for doing so.

**IT IS THEREFORE ORDERED** that Nautilus Insurance Company's Motion to Intervene (ECF No. 19) is granted. Movant shall electronically file its Complaint for Declaratory Judgment within five business days of the date of this order.

---

[1] *Wyandotte Nation v. Salazar*, No. 11-CV-2656-JAR-DJW, 2014 WL 1231857 (D. Kan. Apr. 11, 2012) (quoting *WildEarth Guardians v. Nat'l Park Serv.*, 604 F.3d 1192, 1198 (10th Cir. 2010)).

[2] *See* Fed. R. Civ. P. 24(a)(2).

[3] ECF No. 24. Mr. Ancona has also filed his answer to the Amended Complaint (ECF No. 25).

[4] ECF No. 20-1.

**IT IS SO ORDERED**.

Dated this 16th day of October, 2019, at Kansas City, Kansas.

                                                                Teresa J. James
                                                                U. S. Magistrate Judge